IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD POTTS | § | |
| v. | § | CIVIL ACTION NO. 9:07cv202 |
| DIRECTOR, TDCJ-CID, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

  The Petitioner James Edward Potts, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

  Potts' petition challenged disciplinary case no. 20060306873, in which Potts was charged with refusing to accept a housing assignment, in that he was ordered by Officer Johnson to move into Cell K-1-5B and Potts refused to obey because it was an integrated cell assignment and Potts stated that "he had his own reasons for not moving."

  The Magistrate Judge ordered the Respondent to answer the petition, and an answer was filed. The Magistrate Judge also received copies of the state court records, including a tape of the disciplinary hearing at issue.

  After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the petition be denied. The basis of Potts' claim is that he was accused of disobeying an order from Officer Johnson, but Johnson did not see or speak to Potts that day. The evidence at the hearing showed that Johnson did not speak directly to Potts, but was the officer in

charge of moves. Johnson had a move slip for Potts and called the wing boss, who reported that Potts was refusing to move. Potts does not dispute that he refused to move.

As the Magistrate Judge explained, Potts' claim is in essence that the charging instrument indicates that Johnson ordered Potts to move, but that in fact Johnson did not personally give the order to Potts. Instead, Johnson was in charge of moves and thus actually issued the order, but relied on the officers on the wing to carry it out. The Magistrate Judge stated that Potts was relying on an "overly literalistic" interpretation of what it means to be ordered to move; while it is true that Johnson did not personally give Potts the order to move, he did issue the order, albeit indirectly. The Magistrate Judge concluded that this was "some evidence" of Potts' guilt.

Furthermore, the Magistrate Judge stated that Potts was cited for refusing to accept a housing assignment, and that he did in fact refuse the assignment, which is evidence that he committed the offense with which he was charged. The Magistrate Judge therefore recommended that Potts' petition be dismissed and that Potts be denied a certificate of appealability *sua sponte*.

On March 24, 2008, Potts filed a document which he styled as a "motion for a certificate of appealability." No final judgment has been entered and no notice of appeal filed, and so in the interest of justice, Potts' pleading will be construed as objections to the Report of the Magistrate Judge.

In this pleading, Potts complains first that he has been denied discovery or disclosure of state administrative records. He disputes the number of the disciplinary case which he received, although his pleadings make clear that he and the Respondent are talking about the same case.

Next, Potts again says that Johnson admitted at the hearing that he did not see or speak to Potts that day. He says that Officer Taylor was the wing boss and she did not ask him to move, but that his request to call Taylor as a witness was denied on the ground that she no longer worked there. He says that he was found guilty based on Johnson's testimony, but that there was no evidence offered from any wing boss; thus, Potts says, there was no evidence upon which he could have been found guilty.

The Magistrate Judge's Report notes that at the hearing, Potts said that Taylor asked him some questions and that he told her that "he had his own reasons." Johnson testified that the wing boss told him that Potts was refusing to move, and when Johnson asked why, the boss replied that Potts said that "he had his own reasons."

As the Magistrate Judge said, the federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. Stewart v. Thigpen, 730 F.2d 1002 (5th Cir. 1984). This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached. Smith v. Rabelais, 659 F.2d 539 (5th Cir. 1981); *see also* Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all.") An officer's report, by itself, is sufficient to support a finding of guilt. Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001). A *de novo* factual review is not required. Smith, 659 F.2d at 545.

In this case, the Magistrate Judge correctly determined that sufficient evidence existed to support the finding of guilt. Johnson testified that the wing boss reported that Potts was refusing to move, and the order to move had been issued by Johnson, who was in charge of moves that day. Thus, Potts refused to obey an order which had been issued by Johnson, and the fact that Johnson did not personally see Potts that day does not mean that the evidence to support the finding of guilt was insufficient. Potts' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and amended petitions, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner James Edward Potts is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **14** day of **April, 2008.**

_____
Ron Clark, United States District Judge